DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[Department One.— July 2, 1883.]

## WILLIAM BOSWORTH, PETITIONER, v. JAMES A. WEBSTER, TAX COLLECTOR ETC., RESPONDENT.

MANDAMUS — TAX DEED. — Mandamus will not lie to compel a sheriff to issue a certificate and deed to a purchaser at a sale for taxes under an invalid assessment, nor where the petition does not aver that there was an assessment and levy for taxes, and that the same were unpaid.

ASSESSMENT ROLL — DEFECTIVE ASSESSMENT. — An assessment for taxes held not to be vitiated by the words "to all owners and claimants known and unknown," appearing in the general heading to the assessment roll; but in the tabular part of the roll, under the heading "taxpayer's name," were the words, "Place, Wilson, Newman, and others." *Held*, that the assessment was invalid.

APPLICATION for writ of mandamus.

The facts are stated in the opinion of the court.

*E. A. & G. E. Lawrence*, for Petitioner.

MYRICK, J.— This is an application for a writ of mandate that the respondent issue to petitioner a certificate and deed of certain premises alleged to have been purchased by him at a sale for unpaid taxes.

LXIV. CAL.— 1.

First. As to the taxes for 1870–71. The heading of the assessment roll reads:—

"Assessment of property for the fiscal year ending April 1, 1871. To all owners and claimants known and unknown in Alameda township."

In *City and County of San Francisco* v. *Phelan,* 61 Cal. 619, we held that this recital in the heading was an idle recital, which did not vitiate the assessment.

In the tabular part of the assessment roll, under the heading "tax payer's name," are the words "Place, Wilson, Newman, and others." This places the assessment within *Hearst* v. *Egglestone,* 55 Cal. 365, and *Brady* v. *Dowden,* 59 Cal. 51. A certificate and deed, based on such an assessment (or, rather, alleged assessment) would convey no title, and the issuance thereof would be vain, therefore the application of the petitioner is denied as to the certificate and deed based on the alleged assessment for 1870–71.

Second. As to the petition so far as it relates to taxes for the year 1877–78, there is no averment that the property referred to was assessed for taxes, nor that any taxes were levied, or that taxes were unpaid.

Application denied.

SHARPSTEIN, J., and THORNTON, J., concurred.