[15087. Department One. —May 13, 1893.]

JOHN JORDAN, RESPONDENT, v. PHILIP S. FAY ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—TITLE OF DEVISEE. — The legal title to real estate devised by will passes to the devisee, subject only to the payment of the claims of creditors against the estate and the expenses of administration.

ID. — QUIETING TITLE—RIGHTS OF PURCHASER FROM DEVISEE. — A purchaser of land from the devisee of a decedent, who receives a conveyance of the title of such devisee before settlement or distribution of the estate, may maintain an action to quiet title to the devised premises, as against any one except the executor or administrator.

ID. —PRESUMPTION AS TO UNPAID CLAIMS. —In such action, where it does not appear that there were any unpaid claims or expenses of the estate at the time of the conveyance from the devisee, it is to be presumed that there were none.

ID. — HUSBAND AND WIFE — COMMUNITY PROPERTY — PRESUMPTION — JOINT CONVEYANCE — DEED BY SURVIVING HUSBAND. — Under the law of this state, as it stood before the enactment of the codes, there was a legal presumption that all property acquired after marriage by either husband or wife was common property, in the absence of clear and convincing proofs that it was acquired as separate property, and in the absence of such proof, it must be presumed that land conveyed jointly to a husband and wife, prior to the code, was community property, and that a conveyance thereof by the husband, after the death of the wife, passed title to the entire interest conveyed to them jointly.

ID. — RULE OF PROPERTY. —The legal presumption in force prior to the codes, that all property acquired by husband or wife after marriage was community property, was not a mere rule of evidence, but was a rule of property, and section 164 of the Civil Code, as amended in 1889, providing that property conveyed to the wife shall be presumed to be her separate property, did not and could not change the former rule so as to disturb titles already vested thereunder.

ID. — CONSTRUCTION OF DEED —CONVEYANCE OF HALF INTEREST. —A conveyance of an undivided half interest in a tract of land in which the grantor has merely an undivided quarter interest passes the whole of such quarter interest.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion.

*James Gartlan*, for Appellants.

*Lippitt & Lippitt*, for Respondent.

BELCHER, C. — The plaintiff commenced this action on the nineteenth day of January, 1891, to quiet his title to five hundred and forty-seven acres of land in Sonoma County. In the complaint filed Philip S. Fay was named as a party defendant, but as to him the action was subsequently dismissed. The complaint alleged that the plaintiff was the owner in fee-simple absolute and in possession of the property described, and the answer of defendant, Thomas J. Fay, only denied this allegation. The facts of the case may be briefly stated as follows: Edward P. Fay, being the owner of the undivided three fourths of the property described, died in January, 1872, leaving a last will and testament by which he devised to Maria Kate Fay, his wife, all of his estate. The will was admitted to probate and Mrs. Fay was duly appointed executrix thereof. By the will no power was conferred on the executrix to sell any property of the estate, nor was she ever authorized by the court to make any sale thereof, nor was any sale made by her ever confirmed by the court. And when this action was commenced the administration of the estate had not been settled or closed. Prior to the time of Edward P. Fay's death, the other undivided one fourth of the said property was conveyed to William Fay and Bridget Fay, his wife, for the expressed consideration of five hundred dollars. In December, 1872, Bridget Fay died intestate, leaving surviving her her husband and three sons, of whom the defendant, Thomas J. Fay, was one. It does not appear from the record what was done with her estate, except that "the proceedings and record in the matter of the estate" show that she died intestate, "leaving an undivided interest in real estate in Sonoma County, California, and admitted to refer to the lands in controversy, and that her estate had not been settled or distributed."

On December 11, 1880, William Fay and Jeremiah G. Fay, one of the sons, conveyed "their undivided half interest in said lands" to Maria Kate Fay, and on September 27, 1883, the latter executed to Charles F. McDermott a deed purporting to convey to him the whole property described in the complaint, and on the same day McDermott executed a like deed to the plaintiff.

Ever since the plaintiff purchased the said lands in 1883, he

has been in the open and undisputed possession thereof, and has paid all taxes and assessments thereon, and the defendant and heirs of Bridget Fay have never lived on the land, nor demanded possession of the same or any part thereof from the plaintiff.

The court found the facts to be substantially as above stated, and gave judgment for the plaintiff, from which and from an order denying his motion for a new trial defendant appeals.

In support of the appeal it is contended that, as the plaintiff alleged that he was the owner in fee-simple absolute of the premises in controversy, the burden was upon him to prove that fact before he could recover, and that his proofs were insufficient to establish such ownership, as to the undivided three-fourths interest owned by Edward P. Fay at the time of his death, for the reason that it appeared that the estate was never settled nor the property distributed. This contention cannot be sustained. When Fay died his title to the property at once vested in Mrs. Fay, who was made sole legatee by the will, subject only to the payment of the claims of creditors against the estate and the expenses of administration. Section 1452 of the Code of Civil Procedure provides that: "The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate or for the purpose of quieting title to the same, against any one except the executor or administrator." Unquestionably therefore Mrs. Fay, if she had not conveyed away the property, could as devisee have maintained an action to quiet her title to it, and the plaintiff having acquired her title must be held to have the same right; besides, it does not appear that there were any unpaid claims or expenses when Mrs. Fay made the conveyance in 1883, and presumably there were none.

The case of *Page* v. *Tucker*, 54 Cal. 121, cited by appellant, is not in point. In that case the action was brought by the administratrix of an estate to recover possession of real property which the grantee of a devisee had taken possession of; and it was held that during the administration, and until distributed, partial or final, the executor or administrator is entitled to have the possession of the property left by the deceased.

It is also contended that when Bridget Fay died she and her

husband, William Fay, were the owners as tenants in common of the undivided one fourth of the property in controversy, and that when she died intestate her interest descended to her heirs, of whom defendant was one. This position is rested upon section 164 of the Civil Code, as amended in 1889.

The section referred to, before the amendment of 1889, simply provided that "all other property acquired after marriage by either husband or wife, or both, is community property." The amendment added: "But whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property; and, in case the conveyance be to such married woman and her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her as tenant in common, unless a different intention is expressed in the instrument." The one-fourth interest in the property was conveyed to William and Bridget Fay, and the latter died before the codes took effect. At that time the statute provided that: "All property acquired after marriage by either husband or wife, except such as may be acquired by gift, bequest, devise, or descent, shall be common property"; and also that: "Upon the dissolution of the community by the death of the wife, the entire common property shall, without administration, go to the surviving husband." (Hittell's General Laws of California, secs. 3564, 3573.)

Under this statute it was many times held by this court that there is a legal presumption that all property acquired by husband or wife after marriage was community property, in the absence of clear and convincing proofs that it was acquired in one of the ways specified in the statute, or was taken in exchange for separate property. It is argued, however, that this presumption was only a rule of evidence, which cast the burden of proof upon the party claiming under the wife, and that the legislature had power to change it at any time, and did change it by the amendment of the code above referred to, so as to shift the burden upon the other side. But the rule declared by the statute was more than a rule of evidence; it was a rule of property as well; and we do not think the legislature intended or had the power to change it so that it would be retroactive in

effect and disturb titles already vested. To hold otherwise would probably upset many titles in this state, and in some cases work out great wrong and injustice. We conclude, therefore, that William Fay was the owner of the one-fourth interest after his wife's death, and had the power to convey it as he did; but, conceding this to be so, it is further claimed that the deed executed by William Fay to Maria Kate Fay on December 11, 1880, only purported to convey an undivided half interest in the property, and that this should be construed to mean the undivided half of the quarter interest which was conveyed to him and his wife. It appears, however, as we have seen, that when he made the deed, the title to the whole quarter interest was vested in him, and as the greater includes the less, the undivided half must necessarily include the undivided quarter.

The other points made by appellant do not require special notice. In our opinion, the findings were sufficient and were justified by the evidence, and we therefore advise that the judgment and order be affirmed.

SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., McFARLAND, J.