[No. 18244.    Department One.—March 13, 1894.]

WILLIAM GWYNN, JR., APPELLANT, *v.* D. DIERSSEN, RESPONDENT.

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONVEYANCE TO WIFE—PRESUMPTION.—A deed of bargain and sale to a married woman, executed prior to the amendment of 1889 to section 164 of the Civil Code, must be presumed to have been paid for from the community funds, and to have vested the title in the marital community, subject to the absolute disposition of the husband, in the absence of rebutting proof that it was purchased with money belonging to the separate estate of the wife.

ID.—PROPERTY TAKEN IN NAME OF WIFE—NOTICE TO PURCHASER.—The fact that the property was taken in the name of the wife alone does not of itself give a purchaser notice of a separate claim or right of the wife to the property, where the deed does not show upon its face any intention on the part of the husband to have the property conveyed to her as her separate estate.

ID.—CONVEYANCE FROM WIFE.—All parties purchasing real estate standing in the name of a wife, where the deed presumptively or in fact was given for a money consideration, during coverture, do so at their peril.

ID.—CONSTRUCTION OF CODE—AMENDMENT NOT RETROACTIVE.—The amendment of 1889 to section 164 of the Civil Code is not retroactive in its effect.

ID.—SWAMP-LAND ASSESSMENT—SALE OF LAND UNDER FORECLOSURE.—The sale of land under a decree foreclosing a swamp-land assessment lien against the wife, to whom a grant, bargain, and sale deed was made in the year 1880, cannot affect the title of the husband, and such assessment in the name of the wife is void.

ID.—TAXATION—PROCEEDINGS IN INVITUM.—The provisions of statutes upon the subject of taxation for the assessment of property are *in invitum*, and must be strictly followed to divest title.

ID.—NAME OF PARTY ASSESSED.—Where a swamp-land assessment named a
person as the owner, no liability is created against anybody else, and
none against the person named, unless such person is the owner of the
property.

ID.—VOID ASSESSMENT.—A swamp-land assessment to a party named and
to unknown owners is void.

APPEAL from a judgment of the Superior Court of
Yolo County.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellant.

*J. H. McKune,* and *Robert T. Devlin,* for Respondent.

PATERSON, J.—This is an action to quiet title. The
plaintiff's title to the *locus in quo* is derived as follows:
1. A grant, no consideration being named, from W. B.
Taylor, who was at the time the owner of the land, to
Cornelia S. Gwynn, November 5, 1880; 2. Deed, grant,
bargain, and sale in form, expressing a consideration of
three hundred and fifty dollars, from Cornelia S. Gwynn
to R. W. Bessinger, June 4, 1887; 3. Deed from R. W.
Bessinger to plaintiff, December, 1887; 4. Deed from
plaintiff to C. S. Gwynn, consideration love and affec-
tion, dated September 6, 1888; 5. Deed from C. S. Gwynn
to plaintiff, February 21, 1889; 6. Deed from William
Gwynn, Sr., father of plaintiff, to the plaintiff, expressing
consideration of five hundred dollars, February 20, 1889;
7. Deed from William Gwynn, Sr., to plaintiff, Novem-
ber 20, 1889.

The defendant claims title under a certificate of sale
by the sheriff of Yolo county, dated April 18, 1891. The
sale was made pursuant to a decree rendered against
Cornelia S. Gwynn, June 11, 1888, in an action brought
to foreclose the lien of a delinquent swamp-land assess-
ment upon the land in controversy. At the time of the
conveyance by Taylor to Cornelia S. Gwynn, the latter
and William Gwynn, Sr., were, and ever since have
been, husband and wife.

The court below rendered judgment for the defendant. The plaintiff moved for a new trial, and from the order denying the same he has appealed.

The deed from Taylor to Cornelia S. Gwynn vested the title in the marital community. It does not appear whether the purchase price was paid from separate or community funds—the presumption is they were community funds. Such a presumption may be rebutted by showing that it was purchased with money belonging to the separate estate of the wife, but no attempt to do so was made in this case. The defendant could take no better title under the decree foreclosing the swamp-land assessment lien than he would have acquired if the plaintiff had conveyed directly to him, and all parties purchasing real estate standing in the name of a wife, where the deed presumptively or in fact was given for a money consideration during coverture, do so at their peril. (*Ramsdell* v. *Fuller*, 28 Cal. 43.) The rule stated in the case just cited has been approved over and over again in this state, and has become a settled rule of property. Whether a deed be taken in the name of one or the other of the spouses upon a valuable consideration, the presumption is the same. The fact that the property is taken in the name of the wife alone does not of itself give a purchaser notice of any separate claim or right to the property. It is otherwise where the deed upon its face shows an intention on the part of the husband to have the property conveyed to her as her separate estate. The fact that the deed from the plaintiff to his mother was a deed of gift is immaterial, it being shown that at the time the deed was given he had no title to convey. Section 164 of the Civil Code, as amended in 1889, is not retroactive in effect. (*Tolman* v. *Smith*, 85 Cal. 280; *Jordan* v. *Fay*, 98 Cal. 267.)

The sale of the land under the decree of foreclosure did not affect the title of William Gwynn, Sr. The assessment in the name of Cornelia S. Gwynn was void. It is a universal rule, applicable to all statutes upon the

subject of taxation, that provisions for the assessment of
property are *in invitum,* and must be strictly followed to
divest title. (*Hearst* v. *Egglestone,* 55 Cal. 365; *Weyse*
v. *Crawford,* 85 Cal. 199; *Shipman* v. *Forbes,* 97 Cal. 574.)
Where an assessment names a party as the owner, no
liability is created against anybody else, and not against
the party named, unless he is the owner of the property.
(*Taylor* v. *Donner,* 31 Cal. 483.) The record does not
show whether the property was assessed to Cornelia S.
Gwynn or to unknown owners. It must have been as-
sessed to the former, however, as the suit was against
her, and against her alone. She would not have been
a party to the suit unless it had been assessed in her
name, and if it was assessed to her and to unknown own-
ers the assessment was void. (*Himmelmann* v. *Steiner,*
38 Cal. 178; *City* v. *Dunham,* 59 Cal. 608; *Klumpke* v.
*Baker,* 68 Cal. 561; *Jatunn* v. *O'Brien,* 89 Cal. 61.)

Section 3461 of the Political Code provides that the
list must contain the names of the owners of each tract,
if known, " and if unknown, that fact." In this respect
the law applicable to swamp-land assessments is the
same as former provisions with respect to taxation, and
in *Grotefend* v. *Ultz,* 53 Cal. 666, the court said: " The
first duty of the assessor, under these provisions, is to
ascertain the name of the owner of each piece or parcel
of property, and to assess it *to him;* his second—if he
fails to ascertain the name of the owner—is to assess it
to ' unknown owners.' It follows that the assessment to
D. B. Matlock, and all owners and claimants, known or
unknown, was void." (See, also, *Brady* v. *Dowden,* 59
Cal. 51; *Bosworth* v. *Webster,* 64 Cal. 1.) In *Reclamation
District* v. *Evans,* 61 Cal. 104, it was held that no assess-
ment against any tract of land can be enforced except
by an action to which the owner of the tract has been
made a party. He must be given an opportunity to con-
test the charge before it is declared a lien upon his land.
(Black on Tax Titles, sec. 57.)

We think that the deed from William Gwynn, Sr., to

plaintiff conveyed the title to the latter, and that it was not divested by the judicial proceedings referred to.

The order appealed from is reversed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.