[Sac. No. 421.   Department One.— November 19, 1898.]

S. T. LEWIS, Appellant, v. THOMAS BURNS et al., Respondents.

HUSBAND AND WIFE—COMMUNITY PROPERTY—DEED OF BARGAIN AND SALE
TO WIFE—PRESUMPTION.—Under section 164 of the Civil Code, as it
stood prior to the amendment of 1889, and the subsequent
amendments, a deed of bargain and sale to a married woman
must be presumed to have been paid for from community funds,
and to have vested the title in the marital community; and this
presumption could only be overcome by clear and satisfactory
evidence.

ID.—AMENDMENT OF CODE NOT RETROACTIVE.—The presumption estab-
lished by section 164 of the Civil Code, prior to the amendment
of 1889, became a rule of property in respect of conveyances
previously made; and the amendment changing the presumption
cannot operate retroactively so.as to alter or affect the presump-
tion attaching to a previous conveyance.

ID.—EVIDENCE—ORAL PROOF AS TO DEED—DELIVERY AND LOSS NOT SHOWN.
The oral evidence of a notary as to the acknowledgment of the
deed executed to the wife, and as to its character, as having
been a quitclaim deed, is not the best evidence, and cannot be
admitted as secondary evidence without proof of the delivery
and loss of the deed; and where no such proof was supplied,
it was error to refuse to strike out the evidence given by the
notary.

ID.—ASSESSMENT LISTS—ADMISSION.—The assessment lists of the prop-
erty deeded to the wife, showing an assessment made to her by
the assessor, are not an admission that it was her separate
property, and do not require an explanation from the husband
as to his interest in the property.

ID.—DELIVERY OF DEED — PRESUMPTION.—The presumption is that a
deed duly executed was delivered at its date; and the fact that
it was not recorded until after the death of the grantor, does
not render the deed insufficient evidence of its delivery at its
date.

ID.—RECITAL IN DEED OF WIFE—SEPARATE PROPERTY—FINDING AGAINST
EVIDENCE.—The recital in a deed executed by the wife, that the
property conveyed was her separate property, acquired while
living separate and apart from her husband, is not evidence of
the fact recited, as against the husband; but is evidence to con-
tradict a finding in favor of her grantees that the property was
acquired by gift.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial.   G. W.
Nicol, Judge.

The facts are stated in the opinion.

James A. Louttit, for Appellant.

Baldwin & Thompson, Budd & Thompson, and Minor & Ashley, for Respondents.

HAYNES, C.—Action to quiet plaintiff's title to two certain lots in the city of Stockton. The complaint alleges that plaintiff and Bridget Burns intermarried in 1873; that Bridget died November 16, 1892; that while they were husband and wife they purchased with their own means, the result of their joint labors, the lots in question; that the conveyances were taken in the name of the wife for the community and were so held until Bridget's death, and upon her death became the sole property of the plaintiff, as surviving husband.

The answer denied that the purchases were made by the fruits or results of their joint labors, or that the lots were owned or possessed as community property, or that the conveyances thereof were taken in the name of the wife for the community, or that they were so held, and denied that their claim was without right. The answer also alleged that defendants are the owners in fee, "and that they derived title to the same from that certain deed of conveyance made, executed, and delivered to defendants by said Bridget Lewis, and dated the sixteenth day of October, 1890, a copy of which is hereto attached and marked exhibit 'A,' and made part hereof."

In this deed the grantor is described as "Bridget Lewis, wife of Sylvester Lewis," and the clause describing the property is as follows:

"Lot 15 in block 33 and lot 10 in block 24, both east of Center street, the said property being her sole and separate property, acquired by her while living separate and apart from her said husband, Sylvester Lewis, aforesaid."

The court found for the defendants, and plaintiff appeals from the judgment and from an order denying his motion for a new trial. Appellant attacks the findings, and also specifies several errors of law occurring upon the trial.

The findings are to the effect that said lots were acquired by the wife during marriage, by way of gift, from one De Blain-

ville and the plaintiff, pursuant to an agreement between the three, by the terms of which the title was placed in Bridget (the wife), to be held, owned, occupied, and used by her as her separate property; "that it was not purchased or acquired as the fruits and results of the joint labor and efforts of plaintiff and said Bridget, and they were not, as husband and wife, the owners of the same in community," and were not at any time held as the property of the community, and that on the 16th of October, 1890, said Bridget conveyed said lots by her grant, bargain, and sale deed to the defendants.

Appellant attacks these findings upon the ground that the evidence does not justify them.

Plaintiff and Bridget Burns intermarried in 1873, and the marriage relation continued until the death of Bridget on November 16, 1892, and the two lots in question were conveyed to her by grant, bargain, and sale deeds, for a money consideration, after the marriage. The first of these lots (lot 15 in block 33, east of Center street) was purchased January 8, 1882, and the second (lot 10, block 24, east of Center street) was purchased April 14, 1885, the deeds respectively bearing those dates.

Under section 164 of the Civil Code, as it stood prior to the amendment of 1889, and the subsequent amendments, a deed of bargain and sale to a married woman must be presumed to have been paid for from the community funds, and to have vested the title in the marital community, and this presumption could only be overcome by clear and satisfactory evidence. (*Gwynn v. Dierssen*, 101 Cal. 563; *Jordan v. Fay*, 98 Cal. 267, and *Tolman v. Smith*, 85 Cal. 280, and cases cited on p. 284.) As these lots were purchased before said section was amended, the presumption arising from the mere fact of the conveyance by such deeds during the marriage relation is not affected by the amendment which has changed the presumption. In *Jordan v. Fay, supra*, in discussing the effect of the amendment of section 164 of the Civil Code, by which it is declared that the presumption in such cases is that the title is thereby vested in the wife as her separate property, it was said: "But the rule declared by the statute was more than a rule of evidence; it was a rule of property as well; and we do not think the legislature intended or had the power to change it so that it would be retroactive in effect and

disturb titles already vested"; and in *Gwynn v. Dierssen,* 101 Cal. 565, it was said: "Section 164 of the Civil Code, as amended in 1889, is not retroactive in effect."

That the marriage relation existed at the time these lots were severally conveyed to the wife, and her subsequent death, are admitted by the pleadings, by the failure of the defendants to deny those allegations in the complaint, and that they were acquired during coverture is also shown by the deed under which they claim title, and which they make part of their answer.

The plaintiff put in evidence the deeds by which these lots were severally conveyed to the wife, each being a grant, bargain, and sale deed, the first dated January 8, 1882, for the consideration of two hundred and fifty dollars, and the second dated April 14, 1885, for the consideration of sixteen hundred and fifty-six dollars and five cents. Under the pleadings this made a *prima facie* case for the plaintiff, and threw upon the defendants the burden of proving "by clear and convincing evidence" that the lots in question were not community property.

A careful examination of the record leads me to the conclusion that the findings hereinbefore stated are not justified by the evidence.

A. C. McDonnell, called for defendants, testified that he was a notary public in 1885, and produced his notarial record, and was asked: "Now, read the entry, or state to the court whether you took the acknowledgment of S. T. Lewis of a deed from S. T. Lewis, as grantor, to Bridget Lewis"? Plaintiff objected: 1. That the deed must be produced; 2. If lost, its loss must be shown before secondary evidence is admissible, and that defendants have not proved, or tried to prove, its existence, or its delivery, or its loss. Defendants then stated, as a further ground for its admission, that it tended to contradict the testimony of plaintiff that he did not acknowledge such a deed. To this plaintiff objected that said testimony was given upon the cross-examination of the plaintiff over the objection of the plaintiff that it was not cross-examination and was immaterial, and that they could not now contradict him. The court ruled that he would allow the question as to a certain act being done by Lewis in reference to this property—whether he made an acknowledgment. The witness answered that he took the acknowledgment

of S. T. Lewis of a deed to Bridget Lewis of said lot 10 on April 20, 1885. The witness was then asked: "What was the character of the deed?" Plaintiff's objection, based upon proper grounds, was overruled, and the witness answered that it was a quitclaim deed. Plaintiff, at the close of his case, on rebuttal moved the court to strike out said testimony upon the ground that no evidence had been introduced tending to show its delivery or loss, and this motion was overruled.

In each of these rulings the court erred. If the deed was never delivered, its acknowledgment was wholly immaterial; and if it had been delivered it was the best evidence of all the facts appearing thereon, and, before secondary evidence could be given, its loss must be shown.

The assessment lists of the lot first purchased were sworn to by plaintiff. They were made out by the assessor and were properly assessed to Bridget Lewis. It was not an admission that they were her separate property. The circumstances did not require any explanation from the husband as to his interest in the property.

The defendants offered in evidence the deed from Bridget Lewis, under which alone they claim, and a copy of which is set out in their answer. Plaintiff objected upon the usual grounds, and also that there was no evidence of delivery, that it was not recorded until in December, which was after the grantor's death.

The presumption is, that a deed duly executed was delivered at its date. (Civ. Code, sec. 1055.) There was, therefore, sufficient evidence of its delivery to justify its admission. Whether the fact that Bridget Lewis twice mortgaged one of these lots after the date of the deed, the last time within three weeks before her death, and that it was not recorded until about a month after her death, coupled with the fact that in his petition for the probate of her will the defendant Thomas Burns, shortly after her death and before the deed was recorded, included these lots as a part of her estate, would overcome the presumption declared by the statute and put the defendants on proof of its actual delivery, in the view we take of the case need not now be decided. The presumption is perhaps sufficient, as against these circumstances, to preclude us ·from saying that the finding that it was

delivered is not justified by the evidence, nor is it necessary to a reversal of the judgment that we should so conclude.

The recital in the deed that the property conveyed was her sole and separate property, acquired by her while living separate and apart from her husband, is not, however, evidence as against the plaintiff that such was the fact. Plaintiff, in rebuttal, however, showed by several witnesses that the recital was not true, and defendants made no effort to sustain it. Whether the defendants are estopped by this particular recital made in the deed which they plead as their only source of title, and which, if it had been omitted, would on its face show that it was community property, from showing that it was a gift from De Blainville or her husband, we do not now inquire. The question was not made in the court below nor argued here. The recital, however, is evidence that it was not acquired in the way declared in the findings.

We find no evidence that there was any agreement between plaintiff and his wife and De Blainville that these lots should be a gift to the wife, or that the matter of separate property was ever mentioned between them, or that it was ever regarded or treated between the plaintiff and his wife as her separate property, nor do we find evidence which would justify a finding that De Blainville ever gave or paid any of his own money upon either of these purchases.

In conclusion, we find no evidence inconsistent or in conflict with the presumption of law that the lots in controversy were community property, and upon that ground, as well as because of errors of law hereinbefore pointed out, we advise that the judgment and order appealed from should be reversed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Harrison, J., Garoutte, J., Van Fleet, J.