## REAVIS v. GARDNER et ux.

### S. F. No. 1246; April 13, 1900.

#### 60 Pac. 964.

**Ejectment.—Findings That the Original Owner of Land Conveyed** the same to her daughter, reserving in such conveyance an estate for life, and that later the same grantor conveyed the same premises by deed of gift to another daughter, are not conflicting, since the latter conveyance should be understood to mean a conveyance of the life estate, only, then remaining in possession of the grantor.

**Ejectment.—That Findings of Fact Do not Determine** the ultimate fact of ownership of property in controversy *is not material*, where successive conveyances from the source of title to the plaintiff are found.

**Marriage.—It cannot be Conclusively Presumed** that a woman was married in 1889, at the time of receiving a grant of land, from proof of coverture in 1891, 1893 and 1897, and that in 1897 a son of the same name as her supposed husband commenced a suit, and was presumably of full age.

APPEAL from Superior Court, Napa County.

Action by David M. Reavis against G. F. Gardner and wife for ejectment. From a judgment for plaintiff, defendants appeal. Affirmed.

H. M. Barstow for appellants; Linforth & Whittaker, F. E. Johnson and Jas. Alva Watt for respondent.

BRITT, C.—The action is ejectment for a lot of land in Napa City. It is alleged in the complaint, in the usual manner, that plaintiff is owner of the land, and the allegation is denied by the answer. Both plaintiff and the defendant Dora L. Gardner claim to deraign title from one Nancy J. Hill. The trial was by the court without a jury, and among the findings of fact are the following: (1) That on January 28, 1889, said Nancy J. Hill was the owner in fee of said land, and on that day "conveyed the same, by a deed of grant, bargain and sale, to Ann E. Reavis; reserving in such conveyance an estate for her life in the premises." (2) That on April 21, 1891, said Nancy J. Hill "conveyed the demanded premises, by a deed of gift, to the defendant Dora L. Gardner," for the consideration of love and affection; said Dora being a daughter of said Nancy J. Hill. Said Ann E. Reavis is also the daughter of Nancy J. Hill. (3) That Nancy J. Hill died June 2, 1892. That on December 27, 1892, Ann E. Reavis made a deed of the premises to one Nellie Holt, and on November 10, 1894, said Nellie Holt executed a deed of the same to plaintiff. Upon these and some other findings, not necessary to be stated, judgment was rendered for the plaintiff.

On appeal the defendants argue that findings 1 and 2 are in conflict; that they represent the grantor as conveying the land twice—first to Ann E. Reavis and afterward to the defendant Dora. But understanding the findings, as we must, in their relations among themselves as a connected whole, and in the sense which will sustain rather than defeat the judgment (for that is the sense in which the court below doubtless meant them), there is no necessary conflict. The finding of a conveyance of the premises by Nancy J. Hill to Ann E. Reavis shows that a life estate was reserved to the grantor. The further finding of a conveyance by deed of gift to Mrs. Gardner should be understood to refer to the conveyance of the life estate the grantor had then remaining in the premises—a title

which was determined by her death, on June 2, 1892. In this view, the finding of the death of Nancy J. Hill serves a purpose, and is material; for it shows that the interest reserved to her in the deed of January, 1889, and which passed to Mrs. Gardner by the deed of April, 1891, has ceased. But the circumstance of her death was wholly immaterial, if the court had meant to decide as a fact what the words in said finding 2, standing alone, import, viz., that on April 21, 1891, the premises were conveyed absolutely to Mrs. Gardner. We ought not to assume that the court has made any superfluous finding.

A further point made in this connection is that the findings do not respond to the issue of ownership raised by the pleadings. It is true, the ultimate fact of ownership is not found, but successive conveyances from the source of title to the plaintiff are found, and this is sufficient in such cases as the present: Kidder v. Stevens, 60 Cal. 414; McCarthy v. Brown, 113 Cal. 15, 45 Pac. 14.

The plaintiff, whom we may suppose to be a person of full age, is the son of said Ann E. Reavis. It appeared in evidence at the trial, though in an incidental way, that in the years 1891 and 1893, and also at the time of the trial, in 1897, said Ann was the wife of a man of the name of Reavis. From these facts defendants contend that it is to be presumed that she was a married woman on January 28, 1889, the time she received the deed from Nancy J. Hill. Hence defendants say, under section 164 of the Civil Code, as it stood at that time, the land became community property of said Ann and her presumptive husband; that she was incompetent to convey it, and her deed thereof to Nellie Holt, the immediate grantor of plaintiff, was void; citing Jordan v. Fay, 98 Cal. 264, 33 Pac. 95. This question was not raised at the trial. If it had been, perhaps the evidence would have been more definite. To sustain defendants' contention now, on the evidence in the record, would be to hold that the presumption of continuing coverture operates retrospectively from the time the fact of coverture is shown to exist, which is not the law. See various illustrations in Lawson's work on Presumptive Evidence (page 238, second edition). The circumstance that Mrs. Reavis has a son named Reavis, the plaintiff, who must have been born long prior to January 28, 1889, does not conclude the matter. She may have been a

widow at the date last mentioned, and have subsequently married a man of the same name as herself. The judgment and order denying a new trial should be affirmed.

We concur: Cooper, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.