# SANGUINETTI v. GIANELLI.

## Sac. No. 723; July 31, 1900.

### 61 Pac. 1106.

**Administrator.**—Where, in an Action for an Accounting, brought by a widow against the administrator of the estate of plaintiff's husband, the evidence is conflicting as to whether defendant paid certain claims with his own money, or out of the funds of the estate of plaintiff's husband, a judgment disallowing defendant's claim will not be disturbed.

**Administrator—Dealings With Estate—Presumption as to Regularity.**—Code of Civil Procedure, section 1963, subdivisions 19, 20, providing that the law presumes "that private transactions have been fair and regular," and "that the ordinary course of business has been followed," are not applicable to the dealings of an administrator with an estate and its funds.

APPEAL from Superior Court, San Joaquin County.

Action by Mary Sanguinetti against B. Gianelli for an accounting. From a judgment for plaintiff, defendant appeals. Affirmed.

Louttit & Middlecoff for appellant; Ansel Smith for respondent.

CHIPMAN, C.—Action for an accounting. The court found that within the past two years plaintiff sold and consigned to defendant goods, wares and merchandise, and deposited with and paid to defendant money, at his instance, amounting to $1,206.73, and that during the same period defendant sold and delivered to plaintiff, and she received from him, goods, wares and merchandise from the store of defendant, and also money paid, amounting to $793.34; that on May 27, 1898, there was due plaintiff from defendant, as balance of the account between them, the sum of $413.39, for which amount plaintiff had judgment. Defendant appeals from the order denying his motion for a new trial.

The only question presented by the appeal relates to an item for $700 claimed by defendant, but disallowed by the court. Plaintiff is the widow of G. Sanguinetti, who died in November, 1896. At her request, defendant was appointed administrator of her husband's estate. At his death Sanguinetti was farming a small tract of land (about seventy acres), under a lease from one Weber, which, I infer from the evidence, includes the year ending September, 1897, inasmuch as Weber presented a claim against the estate for the rental, $700, and the claim was allowed. There were numerous items in the mutual accounts as to which the evidence was not brought up. Defendant claimed that plaintiff desired to rent the place from Weber for the year 1897–98, commencing at the close of the rental year for which the $700 claim was allowed, but that Weber refused to rent to her unless the rent for the last year was paid, namely, the year covered by the claim against the estate; that plaintiff came to defendant and stated this fact, and requested him personally to pay Weber, and promised that she would repay defendant; that pursuant to her request he paid Weber, and charged the money to plaintiff's personal account at his store; and

at the hearing he asked its allowance. Defendant testified to facts supporting this view of the transactions. But he was flatly contradicted by plaintiff, and she testified that defendant told her he had paid Weber out of the proceeds of the barley raised on the leased premises for that year, amounting to $868.25. A stepdaughter of plaintiff testified for defendant, and to some extent her testimony supported the testimony of defendant as to the promise to repay him; but on cross-examination she testified that she understood that the Weber claim was to be paid out of the proceeds of the barley belonging to the estate. Defendant received the money for the barley August 18, 1897, and the evidence tends to show that he had funds in his hands as administrator sufficient to pay the Weber claim. On the cross-examination of defendant it appeared that in the bill of items of account presented by him to plaintiff there occurred the following: "Cash paid for assignment of claim of Weber estate to G. Gianelli, and to secure lease for current year—claim and lease held as security—seven hundred dollars." Defendant made no satisfactory explanation of this entry. His books showed the payment on November 3, 1897, while the receipt given by Weber was dated January 12, 1898; and defendant was unable to state when the claim was in fact paid, or to explain what was meant by "Paid for assignment of claim of Weber estate to G. Gianelli." The receipt runs to G. Gianelli, brother and partner of defendant, and defendant's evidence was that he paid the money to his brother, to be by him paid to Weber, and that he knew that whatever was paid was on account of the claim proven in the Sanguinetti estate. An examination of defendant's testimony, direct and on cross-examination, would suggest a strong probability that the trial judge did not give full credence to defendant's statements on the witness-stand. Appellant calls to his aid subdivisions 19 and 20 of section 1963 of the Code of Civil Procedure: "That private transactions have been fair and regular," and "that the ordinary course of business has been followed." These presumptions cannot avail defendant. He was acting in a highly fiduciary character, in his dealings with the estate and its funds. The presumptions referred to do not relate to the dealings of a trustee with trust funds. The evidence is conflicting upon the question as to whether he paid Weber out of the estate funds, or with his own money. The court must

have found that defendant paid the claim as administrator and out of estate money, and we think there is sufficient evidence to warrant the court in so finding. The case is not similar to Lewis v. Burns, 122 Cal. 358, 55 Pac. 132, cited by appellant, where this court held the findings to be unsupported by the evidence. The order should be affirmed.

We concur: Haynes, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.