[S. F. No. 3571.   Department Two.—February 4, 1904.]

JACOB HOECK, Appellant, v. BRUNO GREIF et al., Respondents.

HUSBAND AND WIFE—CONVEYANCE TO WIFE—PRESUMPTION OF COMMUNITY PROPERTY—BURDEN OF PROOF—FINDINGS—SEPARATE PROPERTY. —A conveyance to a wife made prior to the amendment of 1889 to section 164 of the Civil Code raises a presumption that she took as community property; but such presumption is not conclusive, and is a mere rule of evidence throwing the burden of proof upon her. The presumption is overcome where there is sufficient evidence to support findings that the property was her separate property.

ID.—ESTOPPEL OF HUSBAND—STIPULATION IN MORTGAGE.—The husband is estopped, both as against a mortgagee of the property and as against his wife, to claim it as community property, where he stipulated in the mortgage, in which he joined with her, that "in case of foreclosure of the same, rendering the overplus of the purchase money (if any such there shall be)" unto his wife, named and described as "one of the parties of the first part, her heirs, executors, administrators or assigns."

ID.—AGREEMENT OF HUSBAND AND WIFE—EVIDENCE—MUTUAL STATEMENTS.—A husband and wife may agree together that property purchased by the wife and conveyed to her in 1880, shall be regarded as her separate property, where there were no creditors to be affected by the agreement; and such agreement may be shown by the statements of each made in the presence of the other.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion.

Aylett R. Cotton, for Appellant.

The presumption of community property is very cogent, and is a conclusive rule of property in the absence of clear and decisive proof to the contrary. (Civ. Code, sec. 104, prior to amendment of 1899; *Smith* v. *Smith,* 12 Cal. 216, 224;[1] *Meyer* v. *Kinzer,* 12 Cal. 247, 251;[2] *McDonald* v. *Badger,* 23 Cal. 393, 398;[3] *Chapman* v. *Allen,* 15 Tex. 278; *Jordan* v. *Fay,* 98 Cal. 267, 269; *Lewis* v. *Burns,* 122 Cal. 358, 360.)

Alfred Fuhrman, for Bruno Greif, Respondent, and John Heenan, for Carl W. Mueller, Administrator of Estate of Auguste Koppe, Deceased, Respondent.

The presumption of community property may be overcome by a preponderance of testimony, in view of all the facts and circumstances of the particular case. (*Freese* v. *Hibernia Sav. and Loan Soc.,* 139 Cal. 392; Ballinger on Community Property, sec. 167; 6 Am. & Eng. Ency. of Law, 2d ed., pp. 326, 327.)

HAYNES, C.—Appellant, Jacob Hoeck, filed a petition in the superior court of Alameda County, under the provisions of section 1723 of the Code of Civil Procedure, praying that it be decreed that he is the owner in fee of a certain lot of land therein described, situated in the city of Alameda. His petition was denied, and he appeals from the judgment and from an order denying a new trial.

The facts alleged in his petition are, in substance, that Auguste Koppe and August Ferdinand Koppe were married in New York in March, 1865; that the lot in question was conveyed to said Auguste April 7, 1880; that she died May 26, 1885, her said husband surviving her; that at the time of its purchase to the time of her death the legal title to said lot stood in her name, but that it was the community property of her and her said husband; that upon her death the property and title passed to her said husband in fee, and that by mesne conveyances from him the title in fee simple is now vested in petitioner, Jacob Hoeck, and prayed that it be so decreed.

One Bruno Greif, the son of said Auguste Koppe, deceased,

[1] 73 Am. Dec. 533.          [3] 83 Am. Dec. 123.
[2] 73 Am. Dec. 538.

by a former husband, appeared and answering said petition alleged his said relationship to said Auguste Koppe; that he was her only heir at law; denied that said land ever was community property of said Auguste and Ferdinand Koppe, and alleged that it was the sole, separate, and exclusive property of the said Auguste, and ever since her death has been, and now is, the property of her estate; that she died intestate at the city and county of San Francisco, and that a petition for letters of administration upon her estate is now on file in the superior court of said city and county.

Upon the hearing the court found that said property never was the community property of said Auguste and Ferdinand Koppe, but was the separate property of said Auguste until her death, and that Bruno Greif is a son of said Auguste Koppe, deceased. As a conclusion of law, the court found that Jacob Hoeck is entitled to no relief, and that Bruno Greif have judgment for his costs.

The record contains a bill of exceptions stating the evidence, and the only question is whether said real estate was community property or the separate property of the wife to whom the conveyance was made.

The conveyance to the wife, Auguste Koppe, was made on April 7, 1880, by Wenck and wife, as parties of the first part, "and Auguste Koppe of the same place, party of the second part." The consideration named is eight hundred dollars, paid "by said party of the second part." Upon proof that the grantee was at the time of the conveyance a married woman, the presumption arises that she took it as community property, the conveyance having been made prior to the amendment of section 164 of the Civil Code, made in 1889. But that presumption is not conclusive. As said by this court in *Jackson* v. *Torrence,* 83 Cal. 529, "This is a mere rule of evidence fixing the *onus probandi* in cases where the ownership is in litigation, and is entirely consistent with the doctrine that every purchaser has notice, her deed being of record, ·of the extent of her claim to the property, whatever it may turn out to be. . . . And so, also, it will be her separate property, if paid for by her husband with community funds, and by his direction, and for the purpose of a gift conveyed to her."

There is no direct evidence as to the source from which

the purchase money of said lot came, whether from the community funds or from the separate funds of one of the spouses. Nor do we think it material to determine from which source Mrs. Koppe acquired it, since she might have obtained title as her separate property from either source, the question being simply whether there is evidence sufficient to overcome the presumption arising from its acquisition after marriage that it was community property.

As was said by Mr. Justice Rhodes in *Peck* v. *Brummagim*, 31 Cal. 441, 447:[1] "No good reason is perceived why the husband, while free from debts and liabilities, may not make a gift to his wife of either real or personal property which at the time was the common property of the husband and wife. The statute confers upon him the like absolute disposition of the community property, as of his own separate estate," except that he cannot make a voluntary disposition of it with a view of defrauding or defeating the claims of the wife. Mr. Justice Field in *Barker* v. *Coneman*, 13 Cal. 10, said: "The law allows, and even regards with favor, provision made by the husband when in solvent circumstances for wife and family against the possible misfortune of a future day, by setting aside a portion of his property for their benefit"; and every consideration that can be urged in support of the provisions for the wife when made out of the husband's estate, concur in sustaining the settlement when made from the common property. (*Peck* v. *Brummagim*, 31 Cal. 441.)

Both husband and wife were dead before this proceeding was commenced. The date of their removal from New York to San Francisco does not appear. The wife followed dressmaking in New York after her marriage, but for what length of time, and with what result, does not appear, nor is there any evidence that the husband was employed in New York, but there was some evidence that she gave him five hundred dollars to go to Germany and "stay there," and that he returned. The lot here in question was conveyed to the wife April 7, 1880. There is no intimation in the deed that she was a married woman. It recited a consideration of eight hundred dollars paid by her. About two months after the conveyance both husband and wife joined in the execution of a note and mortgage upon said lot to secure the payment of

---

[1] 89 Am. Dec. 195.

their promissory note for five hundred dollars to one Clark, and said mortgage contained the following clause: "That in case of foreclosure of the same rendering the overplus of the purchase money (if any there shall be) unto the said Auguste Koppe, one of the parties of this first part, her heirs, executors, administrators, or assigns."

Richard Collins, called on behalf of Bruno Greif, testified that he knew Mr. and Mrs. Koppe in their lifetime; that Koppe was employed with him at the Golden Gate Woolen Mills in San Francisco in 1885; that in March, 1885, Koppe told him that he owned a piece of property on Filbert Street, San Francisco, and that his wife owned the property located in Alameda; that Mrs. Koppe was sick at that time, and Koppe said: "I am afraid that she wants to give that Alameda property to her son Bruno Greif, but I want the benefit of it as long as I live"; that Bruno Greif did not help to keep it up, but that the property belonged to his wife; that shortly afterwards Koppe told the witness that Mrs. Koppe had made a will wherein she left the Alameda property to him (Koppe) for life, but after his (Koppe's) death it should go to her son Bruno, as her next heir; that shortly before the death of Mrs. Koppe he called at their residence on Nineteenth and Florida streets in San Francisco, and that Mrs. Koppe then said to witness in the presence of her husband: "I own the property in Alameda, and he (meaning her husband) owns the property on Filbert Street," and that to this statement Koppe did not reply.

Other witnesses were called, some of whom testified that Mrs. Koppe frequently spoke of the property in the presence of her husband as "hers," "her property," and the like, while others said she spoke of it as "home," "our home."

Appellant's claim of title is based upon a conveyance made by Mr. Koppe on March 22, 1901, to his sister, Louise Brzeski, of Berlin, Germany, in consideration of love and affection, and a conveyance by her to appellant, Hoeck, after Koppe's death (which occurred November 3, 1901), in consideration of ten dollars. Appellant's contention is that said lot was community property, and that the title passed by the deed of Mr. Koppe to his sister, under whom Hoeck claims. Koppe had no children, and Mrs. Koppe's only child is the respondent, Bruno Greif. Appellant's title rests wholly upon the

presumption that Mrs. Koppe acquired the title as community property, but Mr. Koppe was estopped not only as against the mortgagee, but also as against his wife, by his stipulation that in case of sale any surplus should be paid to Mrs. Koppe. Besides, the parties seemed to have agreed between themselves as to a division of the property, as shown by the statements of each in the presence of the other. There were no creditors to be affected by any agreement made between them as to their several interests in the property acquired by either.

Section 158 of the Civil Code provides: "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried."

We think the evidence sufficient to justify the findings, and that the judgment and order appealed from should be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.