# HENRY L. GUNNELL *et al.*

*v.*

# RICHARD H. COCKERILL *et al.*

1. DEED—*delivery.* No particular form or ceremony is necessary to constitute a delivery of a deed. It may be by acts without words, or words without acts, or by both. Anything which clearly manifests the intention of the grantor and the person to whom it is delivered, that the deed shall presently become operative and effectual, that the grantor loses all control over it, and that, by it, the grantee is to become possessed of the estate, is a sufficient delivery.

2. It is not necessary that the deed be delivered to the grantee. If a deed of trust be delivered to a third person, with the intent to secure the creditors therein named, this will constitute a sufficient delivery. In such case, the previous anxiety of the grantor to secure his creditors by deed of assignment, and his subsequent expressions of satisfaction at what he had done, are evidence to show his intention to make the instrument effectual by a valid delivery.

3. PURCHASER *under deed of trust — chargeable with notice of defects, etc., in sale.* A purchaser under a deed of trust containing a power of sale is chargeable with notice of defects and irregularities attending the sale, and their effect can not be evaded by him, but as to remote and subsequent purchasers the rule is different.

4. If a trustee's deed, made in execution of a power of sale, contains nothing upon its face to show that the sale was made contrary to the terms of the deed of trust, then a subsequent grantee, without actual notice of any defects in the trustee's sale, will acquire a title not subject to be set aside in equity.

5. But such subsequent grantee, to be protected, on bill in equity to set aside the sale and several conveyances, must introduce in evidence the trustee's deed and the deed from the purchaser to himself.

6. SAME—*when relief may be had against purchaser after he has parted with the title.* Where a bill in chancery to set aside a trustee's sale and subsequent conveyances, does not pray for any personal decree against the trustee or the immediate purchaser from him, no decree can be had against such purchaser for the profits made by him on the purchase and sale of the premises to another, although he may not be an innocent purchaser.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. DICKEY* & CAULFIELD, for the appellants.

Messrs. HILLIS & CHRISTIAN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, exhibited in the Superior Court of Cook county, by Henry L. Gunnell and others, heirs at law of Joshua C. Gunnell, deceased, on the —— day of March, 1870, against Richard H. Cockerill and others, to set aside a deed of trust executed by Joshua C. Gunnell to Cockerill, and also to cancel and set aside a sale of certain property in the city of Chicago, made by Cockerill, under the trust deed, to one Lockhart R. Carswell, and subsequent conveyances, made by Carswell, to John D. Hoovers and M. W. Lord, or their grantees.

The defendants put in answers to the bill, to which replication was filed. Proofs were taken, and, on the hearing, a decree was rendered dismissing the bill, to reverse which the complainants have prosecuted this appeal.

Two grounds are relied upon to secure a reversal of the decree—

*First*—That the deed of trust made by Gunnell to Cockerill was not delivered.

*Second*—If the deed was delivered, the property was not sold in the manner required by the terms of the trust deed.

The deed of trust bears date March 13, 1862. Gunnell and Cockerill were, at the time, residents of Fairfax county, Virginia, but, owing to the then disturbed condition of the country in which they resided, growing out of the war, they started to go further south. When they reached Fauquier county, they stopped a few days at the residence of a Mr. Hunter.

At this time, Gunnell was largely indebted. He owed not only debts of his own, but he was security for others; and, as he was desirous of securing his own creditors in preference to

---

*This case was originally submitted, and decided, at a term prior to that when Mr. JUSTICE DICKEY came upon the Bench.

those to whom he was liable as security, the deed of trust was then prepared, executed and acknowledged.

After the deed had been acknowledged, the question arose in regard to what disposition should be made of it, in order that it might not be destroyed. Gunnell, the grantor in the deed, proposed to send it to the recorder's office for record. Mr. Moss, who was clerk and recorder of Fairfax county, advised against that plan, as they proposed removing the records further south for safety. He advised Gunnell that it would be safer to leave the deed with Mrs. Moss than to place it in the office. Accordingly, the deed was placed in the possession of Mrs. Moss for safety. Prior to this time, Gunnell had frequently stated that he was involved, and that it was his intention to make a deed of trust in order to protect his own creditors. At the time the deed was executed, he was very anxious that it should be made, and was not willing to delay the preparation of the deed or its execution. It also appears that, after the deed had been executed, Gunnell frequently expressed himself gratified that he had made it.

These are some of the leading facts connected with the execution of the deed of trust; but it is urged that the evidence is not sufficient to establish the fact that the deed was delivered.

No particular form or ceremony is necessary to constitute a delivery of a deed. It may be by acts without words, or by words without acts, or by both. Anything which clearly manifests the intention of the grantor and the person to whom it is delivered, that the deed shall presently become operative and effectual, that the grantor loses all control over it, and that, by it, the grantee is to become possessed of the estate, constitutes a sufficient delivery. The very essence of the delivery is, the intention of the party. *Bryan* v. *Wash*, 2 Gilm. 557.

It was not necessary that the deed should be actually delivered to the grantee. If it was delivered to Mrs. Moss, for and on behalf of Cockerill, for the benefit of, and with the intent to protect and secure, the creditors therein named, that would constitute a sufficient delivery. Gunnell, as appears from the

21—84TH ILL.

evidence, was familiar with the steps necessary to be taken in order to make a valid deed of trust. The anxiety manifested until he had accomplished his repeatedly expressed intention, his wish to preserve the deed by placing it upon record, and the expression of satisfaction, after it was executed, with what he had done, all show clearly his intention to make the instrument effectual by a valid delivery.

From a careful examination of all the evidence, we are satisfied it was the intention of Gunnell, in the execution of the deed, that it should take effect from the time it was placed in the possession of Mrs. Moss, and we entertain no doubt in regard to the sufficiency of the evidence to establish the fact that the deed was delivered.

The question in regard to the delivery of this deed was before the Supreme Court of Appeals of the State of Virginia, on substantially the same evidence as is contained in this record, and it was held, the evidence was sufficient to establish a delivery of the deed. *Hunt et al.* v. *Brent et al.* unreported That decision is sustained by the authorities, and meets our approval.

It is, however, urged that, even if the deed was delivered and became valid, the court erred in not setting aside the sale made by Cockerill to Carswell.

It appears, from the evidence, that the property conveyed by the deed of trust consisted, in part, of two acres of land in the city of Chicago. After the death of Gunnell, which occurred in 1864, Cockerill placed the deed of trust upon record in Cook county, and, on the 8th day of October, 1867, he sold and conveyed the land in Chicago to Lockhart R. Carswell, for $2000, which, at the time, was the full value of the land. The deed of trust authorized the trustee to sell on demand of one-fourth of the creditors, and required notice to be given of the time, place, and terms of sale. The Chicago property was advertised for sale, but Carswell purchased at private sale.

It also appears, from the proof, that, on the 10th day of February, 1869, Carswell sold one-half of the Chicago property to John D. Hoovers, and the other half to M. W. Lord.

Both of these parties had the title to the premises examined, before they purchased, by competent and reliable attorneys, and they were advised the title was good.

On the hearing, the Superior Court decided that the trust deed was delivered, and was valid, but refused to determine the question in regard to the validity of the conveyance from the trustee to Carswell, or in regard to the validity of the title of the purchasers from Carswell, and entered a decree dismissing the bill without prejudice to appellants, in so far as they may have any cause of complaint on account of anything done under the deed of trust.

The decision of the court was based upon the ground, as appears from the decree, that, under a bill alleging that the deed was void for want of delivery, the complainants could not inquire into the validity of the conveyances made under the trust deed by the trustee.

It is not necessary to inquire whether the reason given for the decision was correct or incorrect. It is only necessary to determine whether the decree dismissing the bill was proper under the evidence.

It will be observed that the bill did not pray for a decree against the trustee or Carswell, or any of the purchasers, for the proceeds of the sale of the premises, or any portion thereof, but the relief prayed for in the bill was, that the deed of trust be declared void, and that the sale of the property to Carswell, and all conveyances growing out of such sale, be set aside and declared of no effect.

It is, therefore, apparent that no personal decree could have been rendered against Carswell for the profits he made in the purchase and sale of the premises, although he may not have been an innocent purchaser, as the allegations of the bill were not sufficient to authorize a decree of that character.

Appellants, however, complain that the court did not, after deciding that the trust deed had been delivered, proceed and pass upon the rights of the purchasers, Hoovers and Lord, who purchased of Carswell.

324        GUNNELL *et al. v.* COCKERILL *et al.*        [Sept. T.

Opinion of the Court.

If, however, the evidence would justify a decree dismissing the bill, had the court passed upon that branch of the case, then appellants are in no position to complain, as the decree which was rendered was more favorable to them than it would have been, had the court proceeded and disposed of the other point, as they now claim it was the duty of the court to have done.

Had the bill been filed to set aside the sale made by the trustee, while the title to the premises remained in Carswell, the relief might have been granted.

A purchaser under a trust deed containing a power of sale, is chargeable with notice of defects and irregularities attending the sale, and their effect can not be evaded by him.

Carswell was, therefore, bound to know whether proper notice was given by the trustee of the sale, and whether the sale was made at a time and in the manner required by the power contained in the deed of trust, but as to remote and subsequent purchasers, the rule is different. *Hamilton* v. *Lubukee*, 51 Ill. 415; *Cassell* v. *Ross*, 33 id. 244.

The fact is undisputed, that Hoovers and Lord, when they purchased, had no actual notice of any defects in the sale through which their grantor, Carswell, acquired title.

If, then, the deed from Cockerill, the trustee, to Carswell, contained nothing upon its face to show that the sale was made contrary to the terms of the deed of trust, then there can be no pretense that Hoovers and Lord had even constructive notice of any irregularities in the sale.

The deed, however, from the trustee to Carswell was not introduced in evidence, neither were the deeds from Carswell to Hoovers and Lord put in evidence. We can not, therefore, determine whether the purchasers under Carswell are entitled to be protected as innocent purchasers or not.

Had the deeds been put in evidence, so that the record would have shown the purchasers under Carswell were the owners of the premises, and innocent purchasers, we would have had no hesitation in affirming the decree, although the court did not pass upon that branch of the case.

When this case was first before us, our attention was not called to the fact that the deed from the trustee to Carswell, and the deeds from Carswell to the subsequent purchasers, were not in evidence. The question mainly relied upon, and argued by the counsel for appellants, was in regard to the delivery of the deed.

We can not, therefore, as the deeds were not introduced in evidence, hold that the decree dismissing the bill was correct.

The decree, so far as it found the deed from Gunnell to Cockerill was delivered, will be affirmed; in all other respects, it will be reversed, and the cause will be remanded for another trial consistent with this opinion.

The costs in this court will be equally divided between appellants and appellees.

*Decree reversed in part.*