JAMES HOLLENBECK

*v.*

ALBERT HOLLENBECK.

*Opinion filed April 17, 1900.*

1. DEEDS—*delivery is a question of intent.* The mere placing of a deed in the hands of the grantee does not establish a valid delivery thereof, irrespective of the intent of the parties.

2. The court reviews the evidence in this case, and sustains the finding of the chancellor that the proof failed to establish a delivery of the deed in question to complainant or the payment by him of consideration for the conveyance.

APPEAL from the Circuit Court of Grundy county; the Hon. CHARLES BLANCHARD, Judge, presiding.

E. L. CLOVER, and N. E. COLES, for appellant.

CORNELIUS REARDON, and SAMUEL RICHOLSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The decree appealed from dismissed a bill in chancery filed by the appellant against the appellee. It was essential to the maintenance of the bill the appellant should prove a certain deed signed and acknowledged by William H. Curtis, deceased, and Jane, his wife, also deceased, on the 8th day of October, 1875, purporting to convey to him a certain tract of land containing eighty acres, had been delivered by the grantor. The deed was never recorded and was in the possession of the grantor therein, William H. Curtis, at the time of his death, which occurred on the 23d day of September, 1897,—a period of about twenty-two years after the execution of the deed.

The appellant, the appellee and one Reuben Hollenbeck are brothers. Their mother, after the death of their father, intermarried with the grantor, William H. Curtis, but the mother had no interest in the tract of land here involved, other than such as accrued from the marriage

relation with said grantor, Curtis. Albert was the elder and the appellant the younger of the brothers. At the time the deed appellant here seeks to enforce was signed and acknowledged, the grantor also signed and acknowledged a deed to the said appellee and a deed to Reuben Hollenbeck, each of his step-sons, conveying to them, respectively, certain tracts of land. Each of the three deeds contained the following statement as to the consideration thereof: "That the said party of the first part, for and in consideration of the sum of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, and in the further consideration of the natural love and affection borne by the said party of the first part towards the said party of the second part," etc. Each also contained the following condition: "Upon the conditions that said premises shall not be subject to the debts of the said party of the second part, nor be sold, aliened or conveyed by the said party of the second part during the natural lives of the said party of the first part or of the life of the survivor of them." It is conceded the deed to said Reuben and that to the appellee were never delivered. Appellant testified the deed to him was delivered to him and remained in his possession for some months and was then returned by him to his mother, the wife of the grantor. It is undisputed that neither of the three deeds ever passed out of the possession and custody of the grantor, unless the deed to appellant was in the possession of the appellant for a period of a few months, as testified to by him. Appellee contends all three of the deeds remained constantly in the possession of the grantor therein and that neither of them was ever out of his custody.

On the 3d day of March, 1891, the said grantor in the said three deeds executed three other deeds: (1) To the appellant, conveying to him certain town lots in the town of Morris, on which was situate a dwelling house; (2) a deed to the appellee for certain tracts of land, including

the tract described in the deed made to the appellant
in 1875; and (3) a deed to Reuben Hollenbeck for certain
other tracts of land.  These last mentioned deeds were
all delivered to and accepted by the respective grantees
therein.  On the 5th day of May, 1894, the grantor, William H. Curtis, had in his possession the three deeds first
mentioned, and on that day he endorsed on each of said
deeds the following:

"This deed and two others of the same date were never delivered, but were retained by me until they finally, with other
papers belonging to me, went into the possession of A. Hollenbeck, and I make this memorandum that no question may arise
concerning them after my death.                       W. H. CURTIS.

MORRIS, ILL., *May 5th, 1894.*              S. C. STOUGH, Witness."

We think the decree should be affirmed on the ground
the chancellor was justified in refusing to find, from the
evidence, that the deed in question was delivered to the
appellant.  It may be conceded the testimony of the appellant, standing alone, would establish that the deed
was delivered to him, though the inference is fairly deducible from his testimony that such possession as he
had of the deed (if any he had) was not given on the part
of the grantor with the intent that the custody of the deed
should remain permanently with the appellant or that
the deed should become presently operative as a conveyance of the land.  The mere placing of a deed in the hands
of the grantee does not conclusively establish a delivery
thereof, within the legal meaning of that word.  Delivery
is a question of intent, and depends upon "whether the
parties at the time meant it to be a delivery to take effect
at once." (*Jordan* v. *Davis*, 108 Ill. 336.)  Other testimony
tended very strongly to show the grantor in said three
deeds retained all of them in his custody and that neither
of them was ever delivered or intended to be delivered
by him.  At the time he signed and acknowledged the
deeds he no doubt contemplated making disposition of
the lands as mentioned in the deeds.  He permitted each

of the persons named in the deeds, the appellant and his two brothers, to enter into possession of the lands described in the deeds to them, respectively, but under agreements which required each of them to pay him stipulated sums per annum for the use of the lands. The appellant lived upon the tract described in his deed for about three and a half years, and then, in 1878, removed with his family to the town of Morris, and there, with his family, made his home in a house which belonged to the grantor in the deed he seeks here to have enforced. The title to the house was in his mother, but it had been purchased and paid for by her husband, Mr. Curtis, and is the same property which was afterwards conveyed to the appellant by his step-father and his mother. The appellant, after removing to Morris, rented the land described in the deed of 1875, and collected the rent therefrom for two years, 1879 and 1880, accounting to his step-father according to the contract between them relating to the use of the land. The appellant and his family continued to reside in Morris until July, 1882, but the evidence tends to show his step-father rented the lands in controversy and received the rents therefrom for the years 1881 and 1882. In July, 1882, the appellant moved to Audubon, in the State of Iowa, and from that date it appeared beyond controversy he never, at any time prior to the filing of the bill herein, in 1898,—a period of sixteen years,—had or sought to have any control or beneficial use of the lands he now seeks to recover. Mr. Curtis, grantor in the deed appellant now seeks to enforce, rented the said land and collected and received the rents therefor from 1881 until 1891. Mrs. Curtis, mother of appellant and wife of the grantor in the deed here involved, died in 1891. On the day of her death her husband and herself executed three deeds: one to the appellant, conveying to him the property in Morris; one to the appellee, conveying to him certain tracts of land, including the tract here sought to be recovered by the appellant; and one to Reuben,

conveying to him certain other tracts of land. These deeds were delivered to the grantees, respectively, and accepted by them. The appellant, accompanied by his wife, came to Morris to attend the funeral of his mother, and returned to his home in Iowa without preferring any claim to the land he now seeks to recover, or asserting any interest therein or in the rents accruing therefrom, though he was then in straightened circumstances, being unable to defray the expenses of his wife on the return trip to their home in Iowa. The appellee entered into possession of the lands described in the deed executed to him in 1891, which included the tract here involved, made lasting and valuable improvements thereon, enjoyed the use and rents of the land and paid taxes assessed against the same. The appellant made no claim to the land until after the death of Mr. Curtis, in September, 1897.

The conduct of the appellant and that of the grantor with reference to the possession of the lands, and the endorsement made by the step-father, the grantor, on the face of the deeds, are inconsistent with the claim of the appellant that the deed to the tract of land in question was delivered to him in 1875 and that he became invested with title by virtue of the deed at that time.

The chancellor evidently did not regard as proven appellant's contention that he paid $900 in part consideration for the land described in the deed made to him in 1875. There appears no reason we should overrule the conclusion of the chancellor on the point. Appellant was then twenty-three years old. He testified he held the note of Mr. Curtis, his step-father, for $500, given to him, as he asserted, in payment for two years' labor on the farms of his step-father; that he sold five cows belonging to his wife for $100, and received $300 in cash from the sale of lands belonging to his father's estate, and that he surrendered the note and paid the $100 and the $300 to his step-father in part consideration for the land. Other testimony tended to show he did not per-

form the labor for his step-father as he claimed; that his wife did not have five cows, and that he received a pair of horses for his interest in his father's land. Moreover, the claim that he had $900 invested in the land can hardly be reconciled with his conduct in abandoning all claim upon it from 1882 until after the death of Mr. Curtis, in 1897,—a period of fifteen years or more.

The chancellor was fully justified by the proof in concluding that the three deeds dated in 1875 were signed and acknowledged by the grantor in contemplation of a voluntary settlement of that portion of his property upon his three step-sons, but that he retained the deeds in his possession and subsequently determined upon and carried out a different disposition of his property. The property conveyed by the deeds executed in 1891 is not entirely the same, in any instance, as would have been effected by the conveyance prepared and signed in 1875.

The decree is affirmed.

*Decree affirmed.*