JOHN BELL v. STATE.

(148 Pac. 402.)

No. A-2113. Opinion Filed July 1, 1916.

FORGERY—Elements of Offense—Apparent Validity of Instrument—Evidence. Upon a trial of a person charged with forgery of a deed, it is necessary for the state to establish beyond a reasonable doubt that the forged instrument, upon its face, complies with all the requirements of the law to constitute a document a deed. In legal contemplation, and as a general rule, a deed is not a deed until executed and delivered to some person capable in law of accepting the same. In the case at bar the facts are examined and are held to be insufficient to establish the crime of forgery.

*Appeal from District Court, Nowata County;*
*Hon. T. L. Brown, Judge.*

John Bell was convicted of forgery, and appeals. Reversed.

*W. V. Thraves,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J. The plaintiff in error, John Bell, was convicted at the April, 1913, term of the District Court of Nowata county on a charge of forgery, and his punishment fixed at confinement in the state penitentiary for a term of ten years.

The indictment charges that John Bell and Robert Adair forged the name of Isaac Adair to a warranty deed in Nowata county on the 10th day of September, 1912.

The section of the statute under which this prosecution is brought is 2621 Revised Laws 1910, and is as follows:

"Any person who, with intent to defraud, forges, counterfeits or falsely alters:

First. Any will or codicil of real or personal property, or any deed or other instrument being or purporting to be the act of another, by which any right or interest in real property is, or purports to be, transferred, conveyed or in any way changed or affected; or,

Second. Any certificate or indorsement of the acknowledgment by any person of any deed or other instrument which by law may be recorded or given in evidence, made or purporting to have been made by any officer duly authorized to make such certificate or indorsement; or,

Third. Any certificate of the proof of any deed, will, codicil or other instrument which by law may be recorded or given in evidence made or purporting to have been made by any court or officer duly authorized to make such certificate—

Is guilty of forgery in the first degree."

The deed in question was never acknowledged nor delivered, nor was there any attempt to deliver it. Before acknowledgment, or attempted delivery, the deed was destroyed by the plaintiff in error, Bell, and thrown away. The scraps of paper, being small particles, were later gathered up by an enemy of the plaintiff in error, pasted together, and presented to the county attorney, and thereafter used as the basis of this prosecution. The most serious question presented by the record is whether or not the crime of forgery was committed. If the instrument in question was a deed in law then the crime of forgery was committed, otherwise not.

As a general rule a deed is not a deed, in legal contemplation, until properly executed and delivered to some person capable in law of accepting the same. Supporting this proposition see the following authorities:

*Williams v. Armstrong,* 130 Ala. 389, 30 So. 553;
*Frisbie v. McCarty,* 1 Stew. & P. 57 (Ala.);
*Lewis v. Barnes,* 122 Cal. 358, 55 Pac. 132;
*Fitch v. Bunch,* 30 Cal. 209;
*Rittmaster v. Brisbane,* 19 Colo. 371, 35 Pac. 736;
*Doed, Guest, et al. v. Beeson,* 2 Houst. (Del.), 246;
*Pennel v. Weyant,* 2 Harr. (Del.), 501;
*Chambers v. Wesley,* 113 Ga. 343, 38 S. E. 848;
*Stallings v. Newton,* 110 Ga. 875, 36 S. E. 227;
*Maddox v. Gray,* 75 Ga. 452;
*Black v. Thornton,* 31 Ga. 641;

*Oliver v. Stone,* 24 Ga. 63;
*Hollenbeck v. Hollenbeck,* 185 Ill. 101, 57 N. E. 36;
*Nay v. Mograin,* 24 Kans.. 75.

The evidence presented does not show that plaintiff in error intended to or attempted to use the instrument alleged in the information to be a forged deed for the purpose of defrauding. In fact, the document was destroyed by him, and so placed beyond the possibility of use by any one. Besides, there is no proof to show that those elements necessary to make the instrument a deed existed, to-wit: delivery and acceptance. Instead of attempting the delivery the plaintiff in error destroyed the same of his own accord. There may have been an attempt to commit a crime, but the proof is lacking to establish the commission thereof.

In *Couch v. Addy, et al.,* 35 Okla. 355, the Supreme Court of this state says:

"A deed is 'defined to be a written instrument containing a contract, or agreement, which has been delivered by the party to be bound and accepted by the obligee, or covenantee."

In the body of the same opinion the following language is used:

"It is well settled that to constitute a valid deed, not only must there have been an intention on the part of the grantors to deliver, but the grantee must accept the same in person, or by some one whom he has authorized to accept for him, or whose conduct he subsequently ratifies."

Under the definition by the Supreme Court as to what constitutes a deed, and with which we agree, it is our opinion that the plaintiff in error did not commit a crime, and that the verdict of conviction, and the judgment rendered thereupon is wholly without authority in law.

The judgment is reversed and the cause remanded.

DOYLE, P. J., concurs.

FURMAN, J., absent.