(No. 23441.—

WILLIAM J. STEINKE, Appellee, *vs.* STANISLAW SZTANKA
*et al.* Appellants.

*Opinion filed October 27, 1936.*

HEILE, CAVENDER, MILCHRIST & KAISER, for appellants.

JOSEPH F. ELWARD, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants appeal from a decree of the circuit court of Cook county setting aside, as a cloud on the title to certain real estate, a warranty deed and declaring a note for $500, and a trust deed to secure said note, void, as an ineffectual attempt to make a testatmentry disposition of property.

Teofila Sztanka, a Polish woman about seventy-five years of age, was the owner of the property in question, on which stood an apartment building. She had three chil-

dren: appellants Stanislaw (Stanley) Sztanka and Theodora Ross, and appellee, William J. Steinke. In March, 1932, Mrs. Ross telephoned appellant A. S. Wengierski to call and see her mother. Wengierski and Mrs. Marie Misak, who speak both Polish and English fluently, went to the home of Mrs. Sztanka, and the latter told Wengierski she wanted to have her property go to Mrs. Ross and her son Stanley in equal shares and to give her son William $2000, and that she wanted to keep the property until after her death. Wengierski told her it could be done either by will or by an outright conveyance to Mrs. Ross and Stanley, in which she could reserve a life estate for herself, and by making a note for $2000 payable to William and securing it by a trust deed on the property. Wengierski told her that if she made a will, probating would be necessary and expensive, and Mrs. Sztanka told him to draw the deed, note and trust deed, which he did. On March 14, 1932, Wengierski and Mrs. Misak returned to the home of Mrs. Sztanka with a deed, note and trust deed, which were read to her and interpreted into Polish by Mrs. Misak. Mrs. Sztanka executed the deed, note and trust deed, delivered them to Wengierski, and told him to have the deed and trust deed recorded, to deliver the deed to Mrs. Ross and keep the note and trust deed in his possession until after her death and then deliver them to her son William. Wengierski caused the deed and trust deed to be recorded March 19, 1932, and later delivered the deed to Mrs. Ross and retained the note and trust deed until December 14, 1932. On December 13, 1932, Mrs. Ross again telephoned Wengierski to call and see her mother, which he did the same day. Mrs. Sztanka told him that because her son William had kept his second marriage from her she was angry at him and had decided that $2000 was too much to leave him, and she wanted the papers changed so as to leave him $500 instead of $2000. Wengierski told her he thought the change could be made by canceling the $2000 note, releasing the

trust deed and by making a new note and trust deed for whatever amount she wished. On December 14, 1932, Wengierski and Mrs. Misak returned to Mrs. Sztanka's home with the $500 note and trust deed and Mrs. Sztanka signed them. Mrs. Misak took the acknowledgment. Mrs. Sztanka, on advice of Wengierski, directed him to cancel the $2000 note, deliver it to either her or Mrs. Ross and file a release of the trust deed securing said note, which he did on December 15, 1932. He, in accordance with her directions, held the $500 note and trust deed until her death and then to be delivered to appellee. Wengierski caused the trust deed securing the $500 note to be recorded December 15, 1932, and after the death of Mrs. Sztanka, on May 7, 1935, Wengierski delivered the $500 note and trust deed to appellee, who thereupon filed the bill of complaint herein, in which he offered to surrender the $500 note and trust deed for cancellation, and prayed that the deed, the trust deed and note be decreed to be void and clouds upon the title to said real estate, that they be canceled of record and title to said real estate be decreed to have been in Teofila Sztanka at the time of her death and passed by descent to appellee and his brother and sister, appellants, as tenants in common. The complaint prayed for partition and an accounting. Appellants filed joint and several answers, in which they denied that appellee was entitled to relief. By amendment the complaint prayed, in the alternative, that the $2000 note, and the trust deed securing the same, may be decreed to be in full force and effect and that appellee be held the legal and equitable holder thereof. On hearing before the chancellor the facts as above stated were shown. It was also proved that Wengierski had been in the insurance, loan and notarial business for many years, had known Mrs. Sztanka for more than forty years and had handled some of her business, and had advised her for some ten or twelve years prior to the transactions over which this controversy arose. It appears from his testimony that he told

her concerning the deed, "during the time you are alive the property is yours, as soon as you close your eyes the property would go to your daughter and Stanley."

The chancellor found that the deed, trust deeds and notes were not intended by Mrs. Sztanka to be absolute dispositions of her property, but were intended to be, and were, executed by her as a testamentary disposition of her real estate and money, which she intended to be ambulatory and not effective until her death; that they were not properly executed as a testamentary disposition of her property, and were therefore void and should be set aside. The chancellor also found that a fiduciary relationship existed between Mrs. Sztanka and Wengierski whereby he owed her the duty to protect her from any unfair and prejudicial alienation of her property; that the execution of the papers by Mrs. Sztanka was procured by the fraudulent representation of Wengierski and Mrs. Ross that they were a will; that a fiduciary relationship existed between Mrs. Sztanka and her son Stanley and daughter Mrs. Ross; that Mrs. Sztanka was induced, by undue influence then and there practiced upon her by Stanley and Mrs. Ross, to sign said deed, notes and trust deeds; that Mrs. Sztanka received no consideration, was seventy-five years old and weak in mind and body; that the deed, notes and trust deeds were void; that Mrs. Sztanka died seized in fee simple of the real estate free from incumbrance, and that title thereto was now vested in appellee and his brother and sister as tenants in common. He decreed that the deed, note for $500 and trust deed be set aside and that the property be partitioned.

Appellants contend that the court erred in setting aside the warranty deed and directing partition, and that the decree entered is contrary to law and the evidence. In support of those contentions they say that the deed was a valid conveyance and that no consideration was necessary to validate it, as it was a voluntary conveyance to children of

the grantor. The chancellor saw and heard the witnesses testify and was in a much better position to judge their credibility than are we. Under such conditions this court will not disturb the findings of the chancellor unless it is apparent that a clear and palpable error has been committed. *Heiligenstein* v. *Schlotterbeck,* 300 Ill. 206; *Valbert* v. *Valbert,* 282 id. 415.

The law is well settled that a voluntary deed of conveyance to children of the grantor requires no valuable consideration to render it effective and binding upon the grantor. *Spencer* v. *Razor,* 251 Ill. 278; *Oliphant* v. *Liversidge,* 142 id. 160.

The main question for determination is whether the chancellor was justified in finding that Mrs. Sztanka, at the time she signed the warranty deed, the note and trust deed and directed Wengierski to have the deed and trust deed recorded, intended said instruments not to be effective until her death. The fact that the deed was, at the direction of the grantor, recorded and delivered to Mrs. Ross is a circumstance tending to prove delivery, and, unexplained, is sufficient to vest the title in the grantees, but it is not conclusive. (*Rountree* v. *Smith,* 152 Ill. 493.) It has been held that where a deed is executed and delivered to even a stranger, to be delivered to the grantee without conditions, it will be sufficient delivery to pass the title, (*Byars* v. *Spencer,* 101 Ill. 429; *Rawson* v. *Fox,* 65 id. 200;) though executing and recording a deed without the knowledge of the grantee does not constitute a delivery thereof. (*Byars* v. *Spencer, supra; Kingsbury* v. *Burnside,* 58 Ill. 310; *Krebaum* v. *Cordell,* 63 id. 23.) In all cases the intention of the grantor to part with possession and control of the property described in the deed enters largely into the question of delivery. (*Gunnell* v. *Cockerill,* 79 Ill. 79; *Bryan* v. *Wash,* 2 Gilm. 557.) Where the facts show that the grantor did not intend to give up control of the property but intended to continue power over the title without the consent of the

grantee, there is not such a delivery as the law requires to render it a deed and it cannot pass title. (*Byars* v. *Spencer, supra.*) The deed in question was absolute in form and purported to convey to her son Stanley and her daughter Mrs. Ross the fee simple title, subject to a life estate in the grantor and also subject to a trust deed securing a note for $2000 to the appellee, and if Mrs. Sztanka intended thereby to immediately pass title to the premises to the grantees named therein, subject to the trust deed to appellee, the same also to be immediately effective, the deed and trust deed having both been executed as a part of one transaction, divested her of all title save a life estate in the premises, and she did not die seized of an estate of inheritance therein. (*Oswald* v. *Caldwell,* 225 Ill. 224.) On the other hand, if she intended that the disposition of her property should not take effect in her lifetime, such a disposition thereof was ambulatory until her death and testamentary in character, and not having been declared in writing, in strict conformity with the statutory enactments regulating the making of wills, her deed was not operative as such. *Noble* v. *Tipton,* 219 Ill. 182; *Wilenou* v. *Handlon,* 207 id. 104; *Hollenbeck* v. *Hollenbeck,* 185 id. 101; *Wilson* v. *Wilson,* 158 id. 567; *Rountree* v. *Smith, supra; Oliver* v. *Oliver,* 149 Ill. 542; *Hayes* v. *Boylan,* 141 id. 400; *Bovee* v. *Hinde,* 135 id. 137.

What, then, was Mrs. Sztanka's intention when she delivered the instruments in question to Wengierski? Theodora Ross testified that she sent for Wengierski and that her mother told him she wanted to turn her property over to her daughter Mrs. Ross and her son Stanley and give her son William $2000, but she wanted to keep the home property until her death; that Wengierski told her there were two ways of doing it—one by making a will and the other by making a deed, reserving to herself a life estate; that by such deed the property would remain her property and as soon as she closed her eyes the property would go to the daughter and the son Stanley; that to make a will would

be more expensive than by deeding the property, and Mrs. Sztanka said she wanted him to make it the cheapest way, so that her children would have no expense after her death. The fact that in December, 1932, she changed the provision she had made for her son William by reducing the amount from $2000 to $500, which she was powerless to do if she had divested herself of title, is strong evidence that she thought she was keeping control over the disposition of her property during her lifetime. This was what Wengierski told her the effect would be, and that was the effect she desired, as shown by all the testimony. There is no contradictory evidence as to her intention save the deed itself, which she understood did not deprive her of the power to control disposition of the property during her lifetime. The further fact that she was a Polish woman, seventy-five years of age, who could not readily read or write or speak the English language and could talk and understand but little of it, as shown by the testimony; that Mrs. Misak was present as an interpreter, and the fact that she expressed a desire to retain her "home property" until her death, all tend to the conclusion that at the time Mrs. Sztanka signed said warranty deed, the $2000 note and trust deed of March 14, 1932, she did not intend said documents to be absolute dispositions of her real estate and money before her death but intended the same to be what is styled in law as ambulatory until her death. Her acts constituted a testamentary disposition of her property, and the deed not having been executed in the manner required by law to constitute a testamentary disposition of real estate was void.

While the direct evidence does not support the finding of fraud or undue influence, it is evident from the record that the relationship between Mrs. Sztanka and Wengierski was close. Though there is no charge in the complaint of a fiduciary relationship existing between her and Wengierski, proof of their close relationship is competent to be con-

sidered on the question of her intention at the time of the making of the instruments. It is evident that because of confidence in his mis-statement of the law she acted as he advised.

For the reasons given, the chancellor did not err in decreeing the removal of the deed and trust deed as clouds on the title and decreeing partition.

The decree of the circuit court is affirmed.

*Decree affirmed.*