**Alexander Rouland et al., Appellants, v. William H. Burton et al., Appellees.**

Opinion filed June 6, 1938. Rehearing denied July 7, 1938.

E. L. MAHER, of Granite City, for appellants.

JOSEPH C. STEELE, of Granite City, and O'NEILL & O'NEILL, of Alton, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On March 15, 1933, defendants executed their promissory note for $2,500 payable to order of Gilbert K. Swain, trustee, secured by a trust deed upon certain property in the city of Alton.

Catherine M. Kunz, a resident of Alton, died on December 2, 1934, as a result of a surgical operation to which she had submitted several days previous to her demise. Alexander Rouland, plaintiff, was appointed administrator of her estate, and upon examining the contents of her safety deposit box, found the above mentioned note and trust deed. He later filed suit to foreclose the lien of the latter, and the defendants William H. Burton and Louise L. Burton, his wife, the makers thereof, filed answer in which they alleged that Mrs. Kunz, on November 23, 1934, by quitclaim deed, released to them all her rights under the trust deed, and that same ceased to be a lien upon the premises described therein.

Plaintiffs amended their complaint to aver that such deed was inoperative to release the deed of trust, for the reason that it was never delivered *in presenti;* that it was intended to take effect at the death of Mrs. Kunz and as such was an attempt to dispose of such property by way of testament; that lacking the necessary legal requisites to such disposition, same was of no avail, and praying that the quitclaim deed be canceled.

The cause was referred to a master in chancery, who, after hearing, found that the quitclaim deed had been delivered; that it was a release of the trust deed and canceled the indebtedness secured thereby, and recommending that the bill to foreclose be dismissed. The chancellor approved the report and entered a decree in accordance with its recommendations; from which this appeal has been taken. The sole question is whether or not there was a valid delivery of the quitclaim deed.

The proof upon such proposition, in substance, was that decedent lived in the home of defendants; that William H. Burton had been doing some repair work for her upon some property she owned; that she was about to submit to a surgical operation at Hannibal,

Missouri, and that during the evening previous to her leaving for such purpose, she and said defendant were checking over some bills relative to such repairs. James Burton, son of defendants, stated that while such was in progress she arose, went to her room, returned with a sealed envelope, handed same to his father and said: "Here, Billy, these are yours, put them away and keep them"; that his father put the envelope in the secretary and nothing more was said about it; that other matters were then discussed, and that on the following day, November 24, 1934, Mrs. Kunz left for the hospital, and died about 10 days later. The witness further testified that later, during the following March, he saw the envelope opened in the presence of defendants, and that it contained the deed in question, some bills for repairs, and a letter in words and figures following:

"Alton, Illinois, November 23rd, 1934.
"Dear Will and Lee:

"As I am going to play a game of chance Monday, I want to say I have enjoyed my home here and want to thank you both for the many kindnesses you have shown me. And here is hoping I will return and we will spend the remainder of our days as we have planned.

"Billy, I am making you a quit-claim deed to your home place to cancel that trust deed which you gave me, also a deed to the places I bought on Grand Avenue and in rear, that will take care of what I owe you for repairing the places, and for the extra work on them, as you took it to help me out as usual, but there was no money in it for Billy. I am now making amends to you.

"I have some Liberty Loan Bonds in the bank, deposit box No. 598 in First National Bank & Trust Company, of which I bequeath to Wm. H. Burton One Thousand Dollars $(1,000.00) to use as he sees fit.

"I am leaving these deeds and bequest here so that if anything should happen to me at any time before I get home this will serve as a delivery to you of these deeds and bequest. I would rather you and Lee have this property than any one else, as you and Lee have been a father and mother to me. If the operation proves fatal, take these papers as soon as you find them to Judge Burton and I pray he will grant my request, and while in Edwardsville have these deeds recorded before Genevieve makes you any trouble.

"Now, Billy, do as Catherine says. Good bye.

Catherine M. Kunz."

William H. Burton testified that he did not know the contents of the envelope when it was handed to him, and was not advised of same until the March following, when it was opened, and he then found the documents referred to by his son; that he thereupon delivered the letter to the administrator and filed the deed for record. He further testified that at the time Mrs. Kunz handed him the envelope she stated: "Here, Billy, I am giving you these papers, take them and put them away."

Mary Tiska and Fannie Craig both deposed that the deceased, some few months previous to her death, had stated to them that she was going to cancel the obligations of defendants. William Wilson, an attorney, testified that Mrs. Kunz told him, the day before she left for Hannibal, referring to the trust deed, that "I fixed it so he would not have to pay the principal."

The foregoing epitomizes the proof relative to the matter of delivery, and the only question is whether such is shown by the evidence.

It is elementary that to render a deed valid as an instrument of conveyance, it must be proven that there was a delivery, *Deitz v. Deitz*, 295 Ill. 552; also, if it was intended to become operative only in the event of the grantor's death, it would be in law a testamentary

disposition, and to be valid as such would have to conform to the requirements of the statute on wills, *Steinke v. Sztanka,* 364 Ill. 334; *Hollenbeck v. Hollenbeck,* 185 Ill. 101.

In determining whether or not there has been a delivery, it is essential to ascertain the intention of the grantor, as that is decisive of the question, *Kelly v. Bapst,* 272 Ill. 237; *Hoyt v. Northup,* 256 Ill. 604; and such purpose may be evidenced by words of the grantor, or by facts and attendant circumstances. Each case must be decided upon its own particular facts, *Pemberton v. Kraper,* 289 Ill. 295.

To constitute delivery it must clearly appear that it was the grantor's intention that the deed should pass title at the time and that he should lose control over it. If the deed is to become effective upon the happening of some future event, such as the death of the grantor, there is no valid delivery, as he must presently relinquish or part with his right of dominion over it, *Schultz v. Schultz,* 274 Ill. 341; *Pemberton v. Kraper, supra.*

It will be observed that in the letter of directions accompanying the deed, Mrs. Kunz, after first thanking the grantees for their kindness to her and expressing her appreciation therefor, as well as acknowledging an indebtedness to William H. Burton for work done by him in her behalf, and stating that she now was making amends to them, then states that she bequeaths $1,000 in Liberty Bonds to William H. Burton, following which she declares: "I am leaving these deeds and bequest here so that if anything should happen to me at any time before I get home, this will serve as a delivery to you of these deeds and bequest." She here states that if anything should happen to her before she returned home,—evidently referring to her possible demise as a result of the contemplated operation, "this will serve as a delivery to you of these deeds and bequest." Mrs. Kunz, by her own words, conditions

their delivery upon the contingency of her death. Had she intended that the deed should pass title presently, it would be most unlikely that she would have provided that it should be considered as delivered in the event of a fatality to her.

Such a provision is inconsistent with an intention to transfer title at the time and to lose all control over the deed, as is necessary to constitute a valid delivery. Moreover, she later provides: ''If the operation proves fatal, take these papers as soon as you find them to Judge Burton . . . and while in Edwardsville have these deeds recorded.'' Here again we find her directions to be contingent upon her death, and if it resulted then the deeds were to be recorded. If she had purposed a present grant of the premises she would not have been concerned with the recording of the instrument of conveyance, as that would have been a matter which was of moment only to the grantee. It indicates that it was her intention and desire that the deed should only be filed for record in case of her death, and clearly implies that she regarded herself as being entitled to dominion over it if she survived her operation. Also, when she delivered the envelope to the defendant, she told him: ''These are yours, put them away and keep them.'' If she had intended that they were to become at once his absolute property over which she had no further control, why the admonition to put them away and take care of them? It would, in such event, have been of no interest to her whether he did or did not care for them, and would have been directly to the interest of defendants to have them immediately recorded and thus avoid danger of their loss or destruction.

These injunctions, both verbal and written, seem to indicate that Mrs. Kunz did not intend to part with all control over the instruments, but contemplated that they should become effective only in the event of her

death, consequently there was no valid delivery of the deed, *Schultz v. Schultz, supra.*

The decree is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*